UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL SANCHEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 17-cv-10666-ADB |
| JEFFREY GRONDOLSKY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

BURROUGHS, D.J.

Currently pending before the Court is Defendants' motion to dismiss filed on November 13, 2017. [ECF No. 20]. *Pro se* Plaintiff had fourteen days to oppose the motion, D. Mass. L.R. 7.1(b)(2), making his opposition due on November 27, 2017. On November 30, 2017, after Plaintiff had not filed an opposition to the motion to dismiss or requested additional time within which to do so, Plaintiff was ordered to show cause by December 5, 2017 as to why he had not timely responded to Defendants' motion, and was notified that failure to file a timely response to the show cause order may result in dismissal of the case. [ECF No. 24]. On December 5, 2017, Defendant notified the Court of his new mailing address following his deportation which was scheduled to occur on December 7, 2017. [ECF No. 25]. He also requested an additional 90 days to respond to the motion to dismiss, which the Court granted. [ECF Nos. 26, 27]. On January 9, 2018, Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 29] was granted. [ECF No. 35]. Plaintiff, however, failed to file any response to the motion to dismiss prior to the expiration of the 90-day extension. On March 14, 2018, the Court ordered Plaintiff to show cause by March 30, 2018 as to why he had not timely responded to the motion, and was notified that

the motion may be granted as unopposed if he failed to timely respond to the show cause order. As of this date, Plaintiff has not filed a response to the motion to dismiss or the March 14 order to show cause.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court," and "[l]ack of diligent prosecution." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007); Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002). In deciding whether to dismiss the case, the Court considers the "totality of the circumstances," including whether "(1) plaintiff[] prosecuted [his or her] claims diligently prior to [his or her] apparent abandonment of the lawsuit; (2) the court fairly warned plaintiff of its inclination to dismiss absent diligent prosecution; and (3) the ramifications of the plaintiff['s] failure to prosecute 'constituted misconduct sufficiently extreme to justify dismissal with prejudice.'" Dean v. Galletta, 2018 WL 1010285, at *1 (D.N.H. Jan. 29, 2018), adopting report and recommendation, 2018 WL 1010481 (D.N.H. Feb. 20, 2018) (quoting Diaz-Santos v. Dep't of Educ., 108 Fed. Appx. 638, 640 (1st Cir. 2004)).

As discussed above and in the prior orders to show cause, Plaintiff made sporadic contact with the Court prior to his deportation. In light of his changed circumstances, the Court granted his request for an additional 90 days to respond to the motion to dismiss, and indicated in both of its show cause orders that failure to comply with the Court's orders may result in dismissal of the case. As Plaintiff failed to respond to the March 14 order to show cause, and has not otherwise responded to the motion to dismiss filed in November 2017, the Court shall dismiss Plaintiff's case. The court declines, however, to dismiss the action with prejudice, considering that

Plaintiff's failure to respond may be due to technical or logistical issues, either in receiving notices or making court filings, or due to other circumstances that are reasonably outside of his control. Accordingly, Plaintiff's case is <u>DISMISSED WITHOUT PREJUDICE</u>.

**SO ORDERED.**

April 5, 2018                                         <u>/s/ Allison D. Burroughs</u>
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE